UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIUS BROWNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | Civil Case No. 11 C 5833 |
| UNITED STATES OF AMERICA, ) | Criminal Case No. 06 CR 0932-1 |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION & ORDER

Petitioner Julius Browne moves the court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Browne challenges his conviction and sentence on four grounds. He first argues that his defense counsel was ineffective, in violation of the Sixth Amendment, for failing to file a notice of appeal or to discuss the possibility of an appeal with him. Second, he argues that the government breached his plea agreement by arguing for a sentence outside of the guideline range agreed to by the parties. Third, he argues that his counsel was ineffective for failing to seek relief under the "safety valve" provision of the Sentencing Guidelines and for failing to arrange for him to make a proffer of information to the government. Fourth, he argues that his counsel was ineffective for failing to argue for a minor-role adjustment to his offense-level calculation.[1] The court concludes that Browne's claims lack merit and denies the motion.

### I. BACKGROUND

On December 12, 2006, a grand jury charged Browne and a co-defendant with 50 counts of drug distribution and money laundering. A grand jury returned a 53-count superseding

---

[1] In his motion, Browne also argues that his counsel was ineffective for failing to file for dismissal of the indictment due to a Speedy Trial Act violation. He concedes in a supplemental brief, however, that no violation occurred, as the court properly excluded time for valid reasons. (*See* Pet'r's Supplemental Br., ECF No. 7.)

indictment against the defendants on October 2, 2007, charging Browne with conspiracy to possess with intent to distribute and conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and money laundering, in violation of 21 U.S.C. § 1956(a)(1)(B)(i). After the indictment, Browne fled to Mexico, where he lived for two years before being returned to the United States by federal agents.

Browne was arrested on March 27, 2009. (Return of Warrant, Criminal Case No. 06 CR 0932-1, ECF No. 86.) On April 22, 2010, he entered a plea of guilty to Count One of the superseding indictment—conspiracy to possess with intent to distribute and conspiracy to distribute five kilograms or more of cocaine. He also agreed to the entry of a forfeiture judgment. (Plea Agreement, Criminal Case No. 06 CR 0932-1, ECF No. 129.) In his plea agreement, Browne admitted that he purchased multi-kilogram quantities of cocaine for resale in the Chicago area. According to the plea agreement, narcotics proceeds were recovered three times from Browne, each time in the amount of approximately $200,000 to $300,000. (*Id.* at 3.) Browne was personally responsible for between 50 and 150 kilograms of cocaine. (*Id*. at 4.)

The plea agreement stated that the statutory mandatory-minimum sentence for Count One was ten years. The Sentencing Guidelines calculation set out in the agreement stated that the base offense level for the drug quantity involved in Count One was 36. It further stated, "The government contends, and defendant does not agree, that he qualifies for a 2 level enhancement under Guideline §3C1.1, due to his flight from the United States to Mexico." (*Id.* at 6.) The parties agreed that Browne qualified for a two-level reduction in offense level for acceptance of personal responsibility pursuant to Guideline §3E1.1(a), and an additional one-level reduction pursuant to §3E1.1(b), for timely notifying the government of his intention to enter a guilty plea.

(*Id.* at 6-7.) Browne's criminal-history category was I. (*Id.* at 7.) The agreement stated that the anticipated guideline range in the government's view was 168-210 months' imprisonment, while in the defendant's view, it was 135-168 months' imprisonment. (*Id.* at 7-8.) The government agreed to recommend that a sentence be imposed within the applicable guideline range. (*Id.* at 9.) The government also agreed not to seek an enhancement of the sentence on the basis of a prior conviction for a felony drug offense. (*Id.* at 10.) Browne agreed to a forfeiture judgment in the amount of $200,000. (*Id.*)

The plea agreement further provided that Browne waived his rights to trial and to appeal his conviction and sentence. He also waived "his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255." (*Id.* at 14.) The waiver did "not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation[.]" (*Id.*)

In his sentencing memorandum, Browne's counsel acknowledged that the applicable guideline range was 168 to 210 months of imprisonment, because the two-point enhancement for obstruction of justice applied, based on Browne's post-indictment travel to Mexico. Browne's counsel argued, however, that the court should depart from the guideline range to impose a mandatory-minimum sentence of 120 months' imprisonment. (Def.'s Sentencing Mem. 2-3, Criminal Case No. 06 CR 0932-1, ECF No. 135.) On August 18, 2010, the court sentenced Browne to 144 months' imprisonment. Browne did not file a direct appeal. He filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 23, 2011, but

his signature on the motion is dated August 15, 2011, and the court assumes that the motion was timely filed. The government responded to the motion on January 13, 2012. Browne was granted an extension of time to file a reply, but none was filed. The court therefore considers the motion fully briefed.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a person convicted of a federal crime may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the petition is successful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. § 2255(b). Post-conviction relief is "an extraordinary remedy" because a petitioner has already "had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Relief "is appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). In deciding a § 2255 motion, the court views the evidence "in a light most favorable to the government." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000).

## III. ANALYSIS

Browne challenges his conviction and sentence, claiming that, for various reasons, his counsel was ineffective, and that the government breached the plea agreement, rendering it void.

4

### A. Grounds I, III, and IV: Ineffective Assistance of Counsel

Browne argues that his counsel was ineffective, in violation of the Sixth Amendment, because he failed to discuss the appeal process with Browne or to file a notice of appeal. Browne further contends that his counsel was ineffective because he failed to argue that Browne was entitled to a reduction in sentence based on the "safety valve" provision of U.S.S.G. §5C1.2(a)(1) and 18 U.S.C. § 3553(f), and because he failed to arrange for Browne to make a proffer of information to the government. Finally, Browne argues that his counsel was ineffective for failing to argue for a sentence reduction based on Browne's minor role in the offense.

The government responds that, in the plea agreement, Browne expressly waived his appellate rights, including his right to collaterally attack his conviction and sentence in a § 2255 petition. It further argues that Browne's claims of ineffective assistance of counsel fail on their merits, because Browne cannot establish that his counsel was ineffective or that he was prejudiced as a result.

The court agrees that Browne cannot challenge his counsel's failure to file a notice of appeal, to argue for a minor role adjustment or safety-valve relief, or to arrange for Browne to make a proffer, because Browne waived his appellate rights in the plea agreement. In the agreement, Browne waived "his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal[.]" (Plea Agreement at 14.) Courts must "strictly enforce such waivers." *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005).

A plea agreement containing a waiver of the right to appeal or to file a § 2255 motion can be collaterally attacked in only a limited number of circumstances, including when a defendant claims that the waiver was involuntary or that his counsel was ineffective in negotiating the agreement, *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); when the plea agreement is challenged on contractual grounds such as mistake or breach, *United States v. Cook*, 406 F.3d 485, 487 (7th Cir. 2005); or when the sentence is in excess of the statutory maximum sentence for the offense, *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). None of these circumstances exist in this case.

First, nothing in Browne's motion or in the record suggests that the plea agreement and the appeal waiver were entered into involuntarily. The plea agreement set forth the waiver of Browne's appellate rights in unambiguous terms, and the court engaged in a colloquy with Browne during which he stated that he understood that he was giving up his appellate rights under the waiver provision of the plea agreement. Specifically, the court asked:

> THE COURT: Now, are there any appeal waivers as part of this plea agreement?
>
> GOVERNMENT'S ATTORNEY: There are, Your Honor.
>
> THE COURT: And what do they involve?
>
> GOVERNMENT'S ATTORNEY: He's waiving his right to appeal the sentence, Your Honor, as well as to collaterally attack the sentence other than for voluntariness.
>
> THE COURT: So Mr. Browne is waiving his right to appeal everything, including the sentence?
>
> GOVERNMENT'S ATTORNEY: That's correct, Your Honor.
>
> THE COURT: Okay. Unless, of course, I assume if the sentence is more than the statutory maximum, he would be able to appeal that? Where is that –
>
> DEFENDANT'S ATTORNEY: One would hope.

>   THE COURT: One would hope. Where is that set out?
>
>   GOVERNMENT'S ATTORNEY: Well, the statutory maximum in this case, Your Honor, is life.
>
>   THE COURT: Oh, it is. Okay. Well, then it's sort of academic. Where is the appeal waiver set out in the plea agreement?
>
>   GOVERNMENT'S ATTORNEY: It begins on page 13, Your Honor.
>
>   THE COURT: Okay. Well, it has to be within the maximum provided by law, but that's life. So what you are doing, Mr. Browne, as part of this plea agreement is you are giving up all your rights to appeal essentially. Now, there are certain things that you cannot give up. If you can show that you were compelled to plead guilty, that your plea of guilty wasn't voluntary, or if you can show that your lawyer gave you incompetent advice, you can always appeal those things, but those things are very very difficult to establish. Do you understand that?
>
>   DEFENDANT: Yes, Your Honor.
>
>   THE COURT: So for all practical purposes, the case ends here. Do you understand that?
>
>   DEFENDANT: Yes, Your Honor.
>
>   THE COURT: Okay. All right. I think Mr. Browne understands the rights he's giving up.

(Tr. of Change of Plea Hr'g Apr. 22, 2010 at 8-10, Criminal Case No. 06 CR 0932-1, ECF No. 140.)

A defendant's statements made under oath at a change of plea hearing are presumed to be truthful when determining whether the plea was entered knowingly and voluntarily. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). The transcript of the plea hearing supports a finding that Browne's plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Furthermore, in his motion, Browne does not claim that his agreement to the waiver provision was involuntary. He states in his motion that he "expressed [his] unhappiness with counsel after the sentencing," because he "was unhappy with the outcome of the case." (Pet'r's Mot. at 7, ECF No. 3.) He argues that his counsel should therefore have discussed a possible appeal with him. (*Id.* at 8.) But he does not address the fact that he gave up his appellate right in the plea agreement, except to argue that the plea agreement is unenforceable in its entirety because the government breached the agreement. (*Id.* at 10.) That argument fails, for reasons explained below.

In addition, to the extent that Browne's motion can be construed to argue that his counsel was ineffective in negotiating the plea agreement, he cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced by that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [the defendant] would not have pleaded guilty." *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002). Browne does not claim that he would not have pleaded guilty had his counsel performed differently. He states that the court should "find that defense counsel provided faulty advice to Petitioner to waive his rights to appeal sentence and conviction without significant benefit to Petitioner." (Pet'r's Mot. at 23.) But he does not explain why his counsel's advice was faulty, and he received a significant benefit from the agreement: the government dismissed Counts Two through Fifty-three of the indictment and agreed not to seek a sentence enhancement based on a prior felony drug conviction, which could have increased the applicable mandatory-minimum sentence from ten to twenty years. (Tr. of Change of Plea Hr'g Apr. 22, 2010 at 10-11.)

## B. Ground II: Breach of Plea Agreement by the Government

Browne argues that the government breached the plea agreement by making arguments at sentencing that Browne's sentencing range should be between 168 and 210 months. It is clear from the plain language of the plea agreement that the government committed no such breach. The agreement sets out the parties' differing views as to the anticipated Sentencing Guidelines range. (Plea Agreement at 7-8.) The argument made by the government at sentencing—that the applicable range was 168 to 210 months—is consistent with the government's view of the sentencing range as stated in the plea agreement. Furthermore, during the change of plea hearing, Browne's counsel explained to the court in Browne's presence that the parties disagreed as to the applicable sentencing range, and explained that the government believed the range should be 168 to 210 months. (Tr. of Change of Plea Hr'g Apr. 22, 2010 at 12.) And before the sentencing, Browne's counsel acknowledged that the applicable guideline range was in fact 168 to 210 months. The court concludes that the government did not breach its obligations under the plea agreement, and that the agreement is thus valid and enforceable.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 8, 2013